**Walter HICKMAN, Plaintiff–Appellant,**

v.

**CITY OF DAYTON, OHIO,**
**Defendant–Appellee.**

**No. 01–3335.**

United States Court of Appeals,
Sixth Circuit.

June 24, 2002.

---

1. LIMRA is a test administered by MetLife to assess candidates' business aptitude.

Before MARTIN, Chief Judge, KEITH and KENNEDY, Circuit Judges.

KENNEDY, Circuit Judge.

Appellant Walter Hickman, who is African–American, sued the City of Dayton, Ohio, for race and sex discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. § 1983. Hickman alleges that the City of Dayton ("Dayton") failed to promote him to the permanent position of Fire Prevention Specialist I ("FPS–I") based on his race and/or sex. Hickman also alleged violations of the collective bargaining agreement between the city and his union, but those arguments are not at issue in this appeal.

Dayton moved for summary judgment, arguing that Hickman failed to carry his burden as to the fourth *McDonnell Douglas* factor and that Dayton had a legitimate, non-discriminatory reason for not promoting Hickman. The motion was referred to a magistrate judge, who recommended that the motion be granted, finding that Hickman lacked a valid Title VII or § 1983 claim. The district court adopted the recommendation and granted summary judgment.

I.

Hickman began working as a firefighter for Dayton in 1974. He did not graduate from college, but holds numerous professional certifications such as an Ohio Law Enforcement Certification, an Arson Investigation Certification, and an EPA Investigator Certification.

In 1988, Hickman became eligible for the position of FPS–I, a position involving either arson investigations or building code inspections. He applied for the position each time one became available. In all, he applied between five and ten times. He was appointed to the position of arson investigator on a temporary assignment (to last for approximately three years) in early 1993.

In 1996, both Hickman and Marya Sulfridge, a white female, applied for the permanent position of FPS–I. Ms. Sulfridge was selected over Hickman. Hickman also alleged that two white males have received

permanent FPS–I positions since 1996. In his deposition, he was unable to identify these individuals or their qualifications. He later asserted, in an affidavit submitted in opposition to the motion for summary judgment, that these two had "less experience and qualifications" than he possessed, but provided no evidence of this assertion.

Absent direct proof of discriminatory intent, to make a prima facie case for discrimination under Title VII in a failure-to-promote context, a plaintiff must show: that he is a member of a protected class; that he applied for and was qualified for the promotion; that he was considered for the promotion and denied; and that he was rejected in favor of another person with similar qualifications who was not a member of the protected class. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Once a prima facie case is established, there is a presumption of discrimination, and the burden shifts to the defendant to prove that a legitimate, non-discriminatory reason existed for failing to promote the plaintiff. The plaintiff then must prove that the proffered reason is a pretext for discrimination. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

The magistrate judge found, and the district court agreed, that Dayton satisfied its burden of production by articulating a legitimate, non-discriminatory reason for failing to promote Hickman to the permanent position of FPS–I. The magistrate judge found that Hickman arrived late for his interview and did not offer an explanation for his lateness; he provided incorrect and inadequate answers on a test given during the interview; and he appeared to lack a genuine interest in the position upon learning that it would have delayed his retirement by five years.

The magistrate judge also granted summary judgment on the § 1983 claim, finding that there was no evidence that Dayton had any discriminatory intent.

## II.

■ We review a district court's decision to grant summary judgment *de novo*. *Holloway v. Brush*, 220 F.3d 767 (6th Cir. 2000). Summary judgment is only appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact . . . ." Fed. R. Civ. Pro. 56. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In his brief, Hickman states that he has "submitted evidence that similarly situated Caucasian employees with less experience and fewer qualifications received appointments to FPS–I positions on a permanent basis." The only evidence cited is the affidavit submitted by the plaintiff. Because the affidavit represents mere assertion, and no actual facts or personal knowledge as to the qualifications and experience of these other candidates, the magistrate judge properly found it insufficient to justify denying summary judgment. Hickman similarly failed to provide the district court with any evidence to support his assertion that Dayton's assessment of his poor performance in the interview stage was "untrustworthy" or pretextual. Therefore, Hickman is unable to rebut the City's legitimate, non-discriminatory reason for failing to promote him.

■ Hickman also challenges the dismissal of his § 1983 claim. Hickman's brief fails to address the plaintiff's burden

to demonstrate discriminatory intent to establish a violation of § 1983. *See Washington v. Davis,* 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976). It was on this basis that the § 1983 claim was dismissed, and we affirm that dismissal.

To the extent that Hickman seeks to reframe his argument as one about disparate impact based on the subjectivity of the interview process and the standard for employment, his appeal fails because he failed to plead disparate impact in the district court. Arguments not presented at the trial court level are not generally appropriate subjects for appellate review. *Brown v. Crowe,* 963 F.2d 895 (6th Cir.1992).

Accordingly, we affirm the judgment of the district court.